# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:20-CV-00358-KDB

| | |
|---|---|
| **MELVIN RICHARD ROBINSON, III,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **ANDREW M. SAUL, Commissioner of Social Security,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff Melvin Richard Robinson, III's Motion to Fast Track, (Doc. No. 3), and Motion to Appoint Counsel, (Doc. No. 4). In this case, Plaintiff is seeking review of a final determination by the Commissioner of Social Security denying Plaintiff's claim(s) under the Social Security Act. For the reasons described below, the Court will deny the motions.

Plaintiff requests the Court "fast track" his case through the federal court system. However, Plaintiff fails to demonstrate that an expedited resolution of this case is warranted. Therefore, Plaintiff's motion to fast track will be denied.

Concerning Plaintiff's motion to appoint counsel, Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405. Thus, the court must look to the more general authority of 28 U.S.C. § 1915(e)(1) which provides that in in Forma Pauperis (IFP) proceedings, the "court may request an attorney to represent any person unable to afford counsel." This provision does not, however, empower federal courts to make compulsory appointments. *Mallard v. United States District Court for the South District of Iowa*, 109 S. Ct.

1814 (1989). Furthermore, such appointments are generally only made where "exceptional circumstances" are present. *Miller v. Simmons*, 814 F.2d 962 (4th Cir. 1987).

Plaintiff has not established extraordinary circumstances to warrant appointment of counsel under 28 U.S.C. § 1915. Thus, the Court will deny Plaintiff's motion for counsel. Most plaintiffs in social security cases experience little or no difficulty in obtaining representation once sought. The Equal Access to Justice Act, 28 U.S.C. § 2414, *et seq.*, provides for the recovery of attorney fees to a prevailing plaintiff. This assures payment to the attorney if the claim is successful.

Accordingly, the Court will provide Plaintiff with 30 days to obtain counsel or otherwise notify the Court of Plaintiff's intention to proceed *pro se*. Once Plaintiff has obtained new counsel or decides to represent himself, Plaintiff must inform the Court via filing.

## I.    ORDER

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Fast Track, (Doc. No. 3), is **DENIED;**

(2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 4), is **DENIED;** and

(3) Plaintiff shall have 30 days to inform the court via filing that he has obtained counsel or that he intends to proceed *pro se*.

**SO ORDERED.**

Signed: December 14, 2020

Kenneth D. Bell
United States District Judge