IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00358-KDB

| | |
|---|---|
| MELVIN RICHARD ROBINSON III, | |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Melvin Richard Robinson III's pro se Motion for Summary Judgment (Doc. No. 23) and Defendant's Motion for Summary Judgment (Doc. No. 27). Mr. Robinson seeks judicial review of an unfavorable administrative decision denying his application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

## I. BACKGROUND

On April 8, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits and supplemental security income payments alleging disability as of November 14, 2018 (Tr. 108, 377-378). His claims were denied initially on May 31, 2019 and denied again upon reconsideration on June 21, 2019 (Tr. 108). Subsequently, Plaintiff requested a hearing on August 1, 2019 (Tr. 314-315). The hearing was held before Administrative Law Judge ("ALJ") Amanda Craven on June 16, 2020 (Tr. 151-186). Although informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or any other representative (Tr. 108, 156-157). The ALJ considered the case de novo, and on July 29, 2020 found that Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 105-127). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on May 19, 2020. Mr. Robinson has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Robinson was disabled under the law during the relevant period.[2] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

activity at any time since his alleged onset date, November 14, 2018 (Tr. 110). At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical degenerative disc disease with cervical radiculopathy, lumbar degenerative disc disease, tendonitis of the left shoulder, mild left carpal tunnel syndrome, and post-concussive syndrome (Tr. 111). The ALJ also found that Plaintiff's perforated appendix, depressive disorder and anxiety disorder cause only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on his ability to work and are thus non-severe impairments (Tr. 111).

At step three, the ALJ determined that Plaintiff's impairments were not of a severity to meet or equal, alone or in combination, any of the impairments listed at 20 C.F.R. pt. 404, Subpt. P, app. 1 (Tr. 111-115). The ALJ then found that Plaintiff retained the residual functional capacity (RFC) to perform light work except he could lift 20 pounds occasionally and 10 pounds frequently; he could sit 6 of 8 hours, but stand and walk 4 hours in combination; he could occasionally climb ramps/stairs, never climb ladders/ropes/scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl; he can occasionally reach overhead bilaterally and frequently reach in all other directions bilaterally; he can frequently handle with the left upper extremity; he could have no exposure to hazards, such as unprotected heights and moving machinery; he could perform simple, routine tasks with a reasoning level of 2 or less performed in 2-hour blocks of time (Tr. 115-125).

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work (Tr. 125). Finally, at step five, the ALJ found that considering Plaintiff's age (40 years old), high school education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform (Tr. 125-126). Consequently, the ALJ found that Plaintiff was not disabled within the meaning of the Act (Tr. 127).

# III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so

long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff contends that the Commissioner's final decision is constitutionally defective because it violates separation of powers and that substantial evidence does not support the ALJ's evaluation of his impairments. The Court has conducted a careful but limited review of the ALJ's decision consistent with our role as a reviewing court as described above and finds that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. The Court additionally finds that Commissioner's final decision was not constitutionally defective.

More specifically, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused the harm. In *Collins,* the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore,

the final decision of the ALJ is not constitutionally defective. Additionally, the Court finds there is substantial evidence to support the ALJ's conclusions with respect to the evaluation of the non-severe impairments, (Tr. 108-127), and his determination that the medical opinions and other evidence of record regarding the Plaintiff's physical and mental functionality do not support a finding of disability (Tr. 124). Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 23) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 27) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: October 27, 2021

Kenneth D. Bell
United States District Judge